UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FREDERICK RUIZ,

    Petitioner,

v.

KIM HOLLAND,

    Respondent.

Case No. 13-cv-04124-VC

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY**

Before the Court is the above-titled petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 by petitioner Frederick Ruiz, challenging the validity of a judgment obtained against him in Monterey County Superior Court. Respondent Kim Holland has filed a response to the Court's Order to Show Cause; Ruiz has not filed a traverse.

## BACKGROUND

On August 3, 2010, a jury convicted Ruiz of first degree murder for stabbing another inmate, with the special circumstance of having a prior first degree murder conviction, and found that he had two "strike" prior convictions.[1] Ruiz asserts habeas claims based on: (i) instructional error; (ii) ineffective assistance of counsel; and (iii) cumulative error. The California Court of Appeal rejected these arguments. In so doing, the Court of Appeal neither applied federal law unreasonably nor made an unreasonable determination of the facts within the meaning of 28 U.S.C. § 2254(d).

---

[1] The facts of the case are familiar to the parties and were set forth in the California Court of Appeal opinion. *People v. Ruiz*, No. H036183, 2012 WL 3140297 (Cal. Ct. App. Aug. 3, 2012) (unpublished).

**LEGAL STANDARD**

A federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, a district court may not grant habeas relief unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion of the highest court to analyze whether the state judgment was erroneous under the standard of § 2254(d*). Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). In the present case, the highest court to issue a reasoned decision on Ruiz's claims is the California Court of Appeal.

**DISCUSSION**

**I. Instructional Error Claim**

Ruiz argues that CALCRIM No. 521, which instructed the jury that first degree murder required premeditation and deliberation, lessened the prosecution's burden of proof because it did not inform the jury that subjective, unreasonable heat of passion could reduce a homicide from first to second degree murder. In other words, Ruiz argues that the prosecutor should have been required to affirmatively prove the absence of subjective provocation beyond a reasonable doubt.

The Court of Appeal rejected this argument on the grounds that: (1) the jury instruction was a correct statement of California law; and (2) in any event, no evidence supported a "heat of passion" instruction. *Ruiz*, 2012 WL 3140297, at *3-4. On federal habeas review, a claim based on a state court's interpretation of its own law and its own jury instructions is not cognizable. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (that an instruction was incorrect under state law provides no basis for habeas relief); *see also Menendez v. Terhune*, 422 F.3d 1012, 1029 (9th Cir.

2005) (state court's determination that, under state law, insufficient evidence warranted a defense instruction, was dispositive of instructional error claim).  Therefore, to the extent Ruiz seeks to argue that the Court of Appeal improperly applied California law, this does not create a basis for federal habeas relief.

To the extent Ruiz seeks to argue that a "heat of passion" instruction was required by the U.S. Constitution's Due Process Clause, that argument is belied by the case law, which stands for the proposition that due process requires a trial court to give a jury an instruction on a lesser included offense only when the evidence warrants it.  *See Hopper v. Evans*, 456 U.S. 605, 611 (1982); *Menendez*, 422 F.3d at 1029.  Nor, as the Court of Appeal explained, is there any indication in the record that the jury heard evidence to support a "heat of passion" instruction. *Ruiz*, 2012 WL 3140297, at *3; *see also* 4 Reporter's Transcript ("RT") at 926-27; 966; 968.

## II. Ineffective Assistance of Counsel Claim

Ruiz argues that his counsel was ineffective for failing to request an instruction on heat of passion and failing to argue this theory to the jury.  As discussed above, the evidence did not support Ruiz's theory that he stabbed the victim in a heat of passion.  The Court of Appeal found that counsel's failure to request a heat of passion instruction did not constitute deficient performance because "any initiative by counsel to seek the instruction defendant has in mind would have lacked a legal basis and would have been without merit."  *See Ruiz*, 2012 WL 3140297, at *4.  This conclusion was not objectively unreasonable.  *See James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994) (failure to take a futile action does not constitute ineffective assistance of counsel).

Counsel's performance also was not deficient for failing to argue a heat of passion defense. Counsel reasonably decided to argue that the prosecutor had not proved her case beyond a reasonable doubt.  *See* 7 RT at 1817-35 (defense closing argument).  To support this theory, in his closing argument, defense counsel questioned the witnesses' credibility and emphasized that the physical evidence was unreliable.  *See* 7 RT at 1818-26, 1831-34.  To argue that Ruiz actually killed the victim, even in the heat of passion, would have undermined counsel's defense that the prosecutor simply had not proved beyond a reasonable doubt that Ruiz was the killer.  Counsel

cannot be faulted for deciding not to pursue inconsistent defenses.  *See Doe v. Woodford*, 508 F.3d 563, 569 (9th Cir. 2007); *Williams v. Woodford*, 384 F.3d 567, 611 (9th Cir. 2004) (after selecting a reasonable defense, counsel no longer has duty to investigate conflicting defenses).

### III. Cumulative Evidence Claim

Ruiz argues that the cumulative effect of the two alleged constitutional errors violated his right to a fair trial.  In some cases, although no single trial error is sufficiently prejudicial to warrant reversal, the cumulative effect of several errors may still prejudice a defendant so much that his conviction must be overturned.  *Alcala v. Woodford*, 334 F.3d 862, 893-95 (9th Cir. 2003).  Where no single constitutional error exists, nothing can accumulate to the level of a constitutional violation.  *Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002).  Because no constitutional errors occurred during Ruiz's trial, there was no cumulative error.

### CONCLUSION

For the reasons stated above, the Court of Appeal's decision did not involve an unreasonable application of Supreme Court authority, nor did it involve an unreasonable determination of the facts.  The petition for a writ of habeas corpus is DENIED.  A certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).  This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED**.

Dated: November 25, 2014

_____
VINCE CHHABRIA
United States District Judge